(February 18, 1892.)

## CANTWELL v. McPHERSON.

[29 Pac. 102.]

REVIVAL OF JUDGMENT—FAILURE OF TITLE TO PROPERTY MORTGAGED.— 1. W., having made entry and final proof on certain lands under the desert land laws of the United States, mortgaged same. Default having been made in payments secured by mortgage, the same was foreclosed, and at the sale the assignee of the mortgage became the purchaser. Prior to said sale one R. had instituted proceedings in the proper land office to contest said desert entry of W., which contest eventuated in the cancellation of said entry of W. by the commissioner of the general land office. *Held,* that under section 4498 of the Revised Statutes of Idaho the plaintiff was entitled to file his petition to revive the judgment entered on the foreclosure of mortgage.

COSTS—FAILURE TO FILE MEMORANDUM OF COSTS.—2. When the party entitled to costs fails to file his memorandum thereof within the time prescribed by section 4912 of the Revised Statutes, he thereby waives his right to costs, and the clerk has no right thereafter to insert them in the record of judgment. In such a case the fact that the costs do not appear in the record of judgment does not constitute an irregularity.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

T. M. Stewart, for Appellant.

If title to land sold was in a stranger to the record, such land was not subject to execution and sale, and judgment may be revived by motion under the statute. (*Cross v. Zane,* 47 Cal. 602.) In the absence of fraud, a decision of the land department is final and conclusive upon all questions of fact. (*Vance v. Purbank,* 101 U. S. 514; *Bear v. Luse,* 6 Saw. 149, Fed. Cas. No. 1179; *Moore v. Robbins,* 96 U. S. 530; *Shepley v. Cowan,* 91 U. S. 330.)

R. P. Quarles, for Respondent.

The blank as to costs in the so-called "judgment" renders the same void for uncertainty. (Black on Judgments, sec. 118.) The title of the purchaser is subject to all equities of which he had notice. (Freeman on Executions, sec. 335; *Boggs v. Hargrave,* 16 Cal. 560; *Cromwell v. Hull,* 97 N. Y. 210; *Vattier v. Hinde,* 7 Pet. 252.)

HUSTON, J.—Plaintiff filed his petition to revive judgment and decree rendered against defendant, as administrator of the estate of William Wallace, and in favor of the plaintiff. Said action was brought to foreclose a mortgage executed by said William Wallace to one John Hogan, and by him assigned to plaintiff. Decree of foreclosure was rendered in said action, order of sale issued, and the encumbered property was sold thereunder, the plaintiff being purchaser at such sale. The lands covered by the mortgage, and sold under the order of sale, were lands which had theretofore been entered by the said William Wallace under the provisions of the United States desert land laws. Prior to the making of said mortgage, Wallace had made final proof under his desert entry, paid the purchase price, and received register's receipt therefor, but had not received his patent. Sale was made on the fourteenth day of August, 1886; deed from sheriff executed on the 15th of February, 1887. On the eighteenth day of June, 1886, and before any patent was issued, one Samuel Rippey commenced a contest against said desert entry of said William Wallace of the lands before mentioned, as being included in said mortgage, and so as aforesaid sold under the order of sale upon the foreclosure thereof, in the proper United States land office, alleging:

fraud in said desert entry by said Wallace; and such proceedings were had thereupon as resulted in the canceling and setting aside of said desert entry of said lands by said Wallace by the commissioners of the general land office on the 24th of April, 1889. Plaintiff brings this action under the provisions of section 4498 of the Revised Statutes of Idaho, to revive said judgment so as aforesaid rendered in favor of plaintiff, and against defendant, as administrator of the estate of William Wallace. Defendant filed general demurrer. The demurrer was sustained by the court, by an order entered on October 10, 1889, and, the plaintiff electing to stand upon his complaint, final judgment was entered on September 15, 1891. From this judgment plaintiff appeals.

The petition in this case was filed under the provisions of section 4498 of the Revised Statutes of Idaho, which contains the following: "If the purchaser of property at sheriff's sale or his successor in interest, fail to recover possession in consequence of irregularity in the proceedings concerning the sale, or because the property sold was not subject to execution and sale, the court having jurisdiction thereof must, after notice, and on motion of such party in interest or his attorney, revive the original judgment in the name of the petitioner for the amount paid by such purchaser at the sale, with interest thereon from the time of payment at the same rate that the original judgment bore; and the judgment so revived has the same force and effect as would an original judgment of the date of revival, and no more." The respondent contends that no appeal lies from the judgment rendered by the district court, for the reason that it is not a final judgment, in that the blank for costs in said judgment is not filled. The judgment is in the following words: "This action having been brought on to be heard on the demurrer to the petition herein, and the same having been sustained by the court, and the plaintiff having failed to plead further, and elected to stand on the petition, it is therefore adjudged that the plaintiff take nothing by the said petition, and that the same be dismissed absolutely, and that the defendant do have and recover of and from the plaintiff his costs herein expended, taxed at ——— dollars, for which execution is awarded." This judgment, as before stated, was not

rendered or entered until September 15, 1891—nearly two years after the decision—and then by the successor in office of the judge who heard the cause and made the decision. Section 4912 of the Revised Statutes of Idaho provides: "The party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk, within five days after the verdict or notice of the decision of the court or referee, a memorandum of the items of his costs and disbursements in the action or proceeding," etc. This statute is copied literally from the statutes of California; and it has been repeatedly held by the supreme court of that state that a party who fails to file with the clerk a memorandum of costs within the time limited was held to have waived his right to costs, whether they were· clerk's or sheriff's fees or other costs, and in the absence of such memorandum the clerk had no power to include costs in the judgment. (*Chapin v. Broder,* 16 Cal. 403; *O'Neil v. Donahue,* 57 Cal. 226; *Porter v. Hopkins,* 63 Cal. 53.) In the case under consideration the decision was rendered on the ninth day of October, 1889; that is, the order of the district court sustaining the defendant's demurrer to the complaint, which is the "decision" referred to in section 4912 of our statutes. (*Porter v. Hopkins, supra.*) It will be seen that nearly two years elapsed after the rendering of the decision before final judgment was entered, and more than two years and two months before the taking of the appeal; and no memorandum of costs was ever filed by the defendant. It will be seen from what has been said that the cases cited by respondent in support of this contention are not applicable.

The next contention of respondent is that the case made by the petition of plaintiff does not come within the provisions of section 4498 of the Revised Statutes of Idaho. The petition states that, by reason of the cancellation of the said desert entry of William Wallace by the commissioner of the general land office, the plaintiff entirely failed to recover possession of the said lands so as aforesaid sold, and of which he became the purchaser. The purchase was made upon the assumption that the entry of the lands by Wallace was a valid, legal entry; and, he having made final proof thereunder, nothing remained to be done by the government to invest Wallace with the title in fee,

except the mere clerical act of issuing patent, which could only be prevented by showing illegality or fraud in the entry, or subsequent proceedings thereunder, by Wallace. The filing of the contest by Rippey, and the proceedings thereunder, resulted in establishing fraud or illegality in the entry by Wallace, and the cancellation of his entry by the commissioner of the general land office. The cancellation related back to the original entry of Wallace, and rendered null and void all proceedings upon his part thereunder. He never had any right or title to the land. The land was never subject to execution or sale as his. He had neither the legal nor the equitable title thereto, or any interest therein. Hence the sale was not, as stated by counsel for respondent in his brief, a sale of an equitable interest in lands, and therefore a case in which the rule of *caveat emptor* applies. There was a complete and absolute failure of title to the land purchased, and it is to such a case that the statute peculiarly applies, as has been well settled. (*Cross v. Zane,* 47 Cal. 602; *Ritter v. Henshaw,* 7 Iowa, 97; *Watson v. Reissig,* 24 Ill. 282, 76 Am. Dec. 746.) There is no difference under the statutes of Idaho between a sale on execution and one upon an order of sale upon foreclosure of mortgage. Order and judgment of district court reversed, with costs to appellant.

Sullivan, C. J., concurs.

Morgan, J., having been of counsel, took no part in the hearing or decision of this case.