GEORGE W. FREY v. AMON BUTLER *et al.*

EXEMPTION — *No Waiver.* Unless a debtor has, by express declaration or unequivocal act, relinquished the right to claim an exemption of personal property seized upon execution, he may make the claim at any time before the day of sale; and the fact that a debtor who was entitled to claim two horses only claimed one of them at the time of levy, and informed the officer that he would not claim another "at the present time," will not constitute a waiver nor preclude him from claiming another at any time prior to the sale.

*Error from Norton District Court.*

ACTION by *Frey* against *Butler* and another. Judgment for defendants September 29, 1889. The plaintiff comes here. The opinion states the nature of the action and the material facts.

*L. H. Wilder*, for plaintiff in error.

*L. H. Thompson*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is a controversy over a claim of exemption made by an execution debtor. A judgment had been obtained against George W. Frey, upon which an execution had been issued and placed in the hands of George N. Kingsbury, as undersheriff, and which he proposed to levy on some horses and other property owned by Frey. Upon learning this, Frey proposed to bring in his horses, and thus save trouble and expense, which he did. The officer proposed that Frey should claim his exemption, when Frey responded that he had retained one horse as exempt, and that he would not make any claim at that time. The reason given was, that the horses had been mortgaged by him to one Heaton, and that Heaton had stated that he would replevy the horses and give him one of them. The officer took possession of the remaining animals, but within a week, and before the proposed sale, Frey formally demanded the mare in controversy as exempt, but the officer refused to surrender her. The claim of the officer then, and the contention of the defendants in error now, is, that Frey had waived his right to claim exemption by the voluntary surrender and turning over of the mare to the officer. It is conceded that Frey was the head of a family, and entitled to claim an exemption of a span of horses, and it appears to be conceded that the demand for the animal in controversy was legally made, if the right to claim it had not already been forfeited and lost. A liberal view of the rights of a debtor in claiming exemptions has been taken in this state, and accordingly it has been held that a selection or claim at the time the levy was made was not essential, but that it might be made at any time before the day of sale. It has been recognized that it was possible for the debtor to waive the right, but his mere silence or failure to assert the right at the time of levy will not ordinarily constitute a waiver. Unless the debtor has by express declaration or unequivocal acts waived the privilege, he may exercise it any time prior to sale. (*Rice v. Nolan,* 33

Kas. 28; *Gardner v. King*, 37 id. 671.) In this instance, while the debtor declined at the time of levy to make a selection, his language implied that he might make it at a later time. The officer states that when he told Frey that he was entitled to two horses, he replied that one was all he would take "at the present time." The clear implication of his language was that if the mortgagee did not take the animals and protect his rights, he would himself make the claim before the sale and within the time allowed by law. It cannot be said that there was any express declaration or unequivocal act of relinquishment of the privilege which the statute affords him, and, therefore, we think the claim was made in time, and that the officer should have surrendered the animal claimed to the debtor. This conclusion compels a reversal of the judgment of the district court.

All the Justices concurring.