No. 20,331.

J. F. WHITE, *Appellant,* v. STEVE HOUSER and JOHN SHARFEY, as Sheriff, etc., *Appellees.*

SYLLABUS BY THE COURT.

1. QUIETING TITLE—*Homestead—Final Receipt—Patent—Antecedent Indebtedness—Judgment—Execution—Owner Can Not Maintain Action.* The owner of land patented under the homestead law, upon which an execution has been levied based on indebtedness antedating the issuance of a final receipt or patent (U. S. Rev. Stat. 1875, § 2296), upon whom no personal service has been made, after sale and before the redemption period fixed by the court has expired, the attention of the court not having been called to such indebtedness, can not maintain an action to remove from such homestead the apparent lien of such judgment.

2. SAME—*Judgment Creditor—Attachment—Prior Judgment—Subrogation.* The holder of another judgment who had attached the same land subject to the one referred to, after his attachment had been quashed for want of service, by redeeming from such prior judgment could subject the land to the payment of his lien by subrogation to the rights of such prior judgment creditor.

Appeal from Kearny district court. GEORGE J. DOWNER, judge. Opinion filed July 8, 1916. Affirmed.

*Edgar Foster,* of Dodge City, for the appellant.

*A. B. Reeves,* of Dodge City, and *A. R. Hetzer,* of Lakin, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff brought this suit to set aside certain judgments sought to be made liens against his land, and to set aside judicial sales thereunder. The trial court found the facts to be that when the suit was begun the action of *Krouse v. White* was pending, based upon a promissory note executed

August 14, 1910; the land in question was attached in that case, the attachment confirmed, judgment rendered and the land sold and bid in by the plaintiff and the sale confirmed, the redemption period being fixed at six months; White never appeared in the case, the only service on him being by publication based upon the attachment; that the records of the action showed the date of the note already mentioned; that the land was White's homestead, proved up November 2, 1911, final receipt filed June 17, 1912, and the patent issued April 18, 1912; that the note was executed prior to the date of the final proof, but it was found that this fact was not disclosed to the court below; that before the period of redemption fixed by the court had expired defendant Houser brought another action against White; in Oklahoma he obtained judgment, which he transferred to Kearny county and sued upon there, procuring personal service upon White in Oklahoma but without filing in the court below an affidavit for service upon a nonresident; that he attached the land, obtained a judgment, and sold it at sheriff's sale subject to the attachment in the action of *Krouse v. White;* that prior to the expiration of the redemption period fixed in *Krouse v. White,* Houser paid to the clerk the amount of the judgment and costs in that case, making such payment as a junior creditor and lien holder as he believed in good faith; that this action was brought by White to set aside all proceedings in the other cases.

The trial court quashed the service and sale in *Houser v. White* on the ground that no valid affidavit for service had ever been filed. Thereupon Houser filed his motion in that case setting up that he had redeemed the land as the junior lien holder and creditor, and prayed for subrogation to the rights of Krouse. He also answered in this action setting up his claim to be subrogated to the rights of Krouse in *Krouse v. White,* praying that the order of sale therein be not set aside but that a sheriff's deed be issued to him, Houser. The trial court found that Houser was entitled to subrogation as prayed for and to a sheriff's deed, and from this ruling the plaintiff, White, appeals.

His claim is that the judgment in favor of Krouse in *Krouse v. White* was void for lack of service upon White, and because the land was a government homestead not liable for debts con-

tracted before the issuance of the final receipt, invoking section 2296 of the Revised Statutes of the United States (1875), providing that "No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." (6 Fed. Stat. Ann., § 2296, p. 307.)

The defendants argue that the action amounts to one to set aside or reverse the order of confirmation after the term and is brought too late for that purpose and that there is no statute authorizing it.

Aside from questions of service, it appears that the original judgment was rendered on a note executed before the issuance of a final receipt or patent, and from the findings of the court this was apparent from an examination of the record below. But it was expressly found that this was not disclosed to the court. The action really is not one to set aside the judgments but to relieve the land from the lien thereof on the ground that in obedience to the federal statute it must be left free therefrom.

When Houser paid his money to the clerk it was to redeem from a judgment wrongfully attaching to the land, basing his own claim on an attachment which had to be set aside for lack of service.

But while the Houser judgment was erroneously made a lien upon the land because intended by congress to be left free from such attachments, still the error did not oust the court of jurisdiction, and White's remedy was by appeal or by opening up the judgment rendered on publication service, under the civil code. (*Doran v. Kennedy,* 237 U. S. 362.)

The judgment is affirmed.

WEST, J., and DAWSON, J., dissent, citing *Gile and another v. Hallock,* 33 Wis. 523.