Lynch v. Warren.

---

No. 23,089.

MRS. F. W. LYNCH, *Appellee*, v. F. J. WARREN *et al.*, *Appellants*.

### SYLLABUS BY THE COURT.

INJUNCTION—*Sale of Exempt Property Rightfully Enjoined.* The plaintiff who resided in Sedgwick county, owned some exempt household goods left in Barber county where they were seized and about to be sold to satisfy a justice judgment procured by publication service only. She had appeared specially and moved to set aside the judgment for want of jurisdiction. The motion being denied, she sued in district court to enjoin the sale because the property was exempt. *Held*, that the injunction was properly decreed.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed July 9, 1921. Affirmed.

*Samuel Griffin*, of Medicine Lodge, for the appellants.

*Fred K. Hammers*, of Wichita, *Seward I. Field*, and *A. L. Orr*, both of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

WEST, J.: August 19, 1919, the defendant, Warren, sued the plaintiff in justice court in Barber county for $139.51. Summons was issued and returned "not found." An order for publication service was made, and notice was published. October 23, 1919, the defendant being in default, the justice entered judgment for the plaintiff for the amount sued for and costs. An order of sale was issued, after which the defendant appearing specially filed her motion to set aside the

judgment, asserting by affidavit that ever since and prior to the beginning of the action she had resided at Wichita and was at no time in Barber county and at no time was service made on her in Barber county. The motion was overruled, and the next day she brought this action in the district court to, restrain the sale, alleging that no service was ever had on her; that she was a resident of Šedgwick county and had been permanently there "at all times since prior to the commencement of this action"; that she was the head of a family of children of whom she was the sole support; and that the property attached was exempt household goods, furniture and other property owned by her.

The answer set up the justice's judgment as unappealed from, and that the plaintiff had moved to set it aside as void which motion was overruled and such ruling remained unappealed from. The district court granted the injunction and the defendant, Warren, appeals.

The questions presented are the validity of· the judgment rendered by the justice, and the right of the plaintiff to an injunction after failing to set up her claim of exemption in justice court. The plaintiff moves to dismiss the appeal because no specifications of error are filed. But as counsel has clearly pointed out what he thinks is wrong about the decree, we will, for once, overlook the omission to comply with rule 5 in this respect only.

Assuming, without deciding, that the justice had jurisdiction and that his judgment was valid, it must be held that nevertheless he had no right to sell the plaintiff's exempted property to satisfy such judgment. Exempt property is that towards which the eye of the creditor is not permitted to turn, and this court recently said that the sheriff "has no more authority tó seize and sell property of the judgment debtor which is exempt than he has to seize and sell property of a stranger." (Brewer v. Warner, 105 Kan. 168, 172, 182 Pac. 411.) Neither has a constable such power. And when the owner of exempt property finds that some sheriff or constable is about to sell it under attachment or similar order he may resort to equity to enjoin such sale. (Rice v. Nolan, 33 Kan. 28, 5 Pac. 437; Gardner v. King, 37 Kan. 671, 15 Pac. 920; Frey v. Butler, 52 Kan. 722, 35 Pac. 782; Brewer v. Warner, 105 Kan. 168, 182 Pac. 411.)

In the Frey case it was held that—

"Unless a debtor has, by express declaration or unequivocal act, relinquished the right to claim an exemption of personal property seized upon execution, he may make the claim at any time before the day of sale; . . . " (Syl. See, also, 18 Cyc. 1462, 1474; 11 R. C. L. 545, § 63 *et seq.*)

The decree is affirmed.