HILL-SUMMERS CHEVROLET Co. *et al. v.* GOUGE *et al.*

(*Knoxville*, September Term, 1933.)

Opinion filed Nov. 18, 1933.

COX, TAYLOR & EPPS, for plaintiffs in error.

MOSES E. CANTOR, for defendants in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The Hill-Summers Chevrolet Company sold to George Gouge of North Carolina a truck upon which he paid $250 cash and executed conditional sales notes for $524, payable in installments of $45 a month. This balance was reduced to $344, when a distress warrant was levied on the truck to enforce payment of taxes incurred by Gouge as a produce dealer, a privilege taxable under chapter 13, Pub. Acts 1931 (2d Extra Sess.) ; Code, section 1124.

The warrant was executed April 21, 1932. In the meantime Gouge defaulted in his payments, and, on April 29, the Hill-Summers Chevrolet Company, the title holder, joined by the General Motors Acceptance Corporation, to whom the notes had been indorsed, sued out an action of replevin to recover the truck. After recovering possession, the conditional vendor advertised and sold the truck in conformity with the conditional sales law. It was purchased by Clarence Green, who paid for it with George Gouge's check.

No question arises as to the legal sufficiency of the recovery, advertisement, and sale of the truck in conformity with the conditional sales contract and the conditional sales law. The state officials claimed in the trial court and insist here that the lien on the truck for the taxes against Gouge is paramount to the right of the original vendor and that the replevin and sale of the truck by the conditional vendor was done in collusion with George Gouge for the purpose of defeating the state's claim for taxes.

The trial judge held that the action by plaintiffs was fraudulently designed and executed to defeat the claim of the state, and not in good faith, to enforce the conditional sales contract. For that reason he dismissed

the suit. Holding that determinative, the trial judge refused to pass upon the question of priority as between the state and the holder of the title notes. In this we do not concur.

.The claim against Gouge was for the produce dealers' tax imposed by chapter 13, Pub. Acts 1931 (2d Ex. Sess.); Code, section 1124. By section 1734 of the Code it is declared that those selling produce without licenses shall be subject to double taxation to be enforced by distraint of the delinquent's goods and chattels or by action against him in the circuit or chancery court. No statute imposes a lien for the taxes upon the delinquent's produce nor upon vehicles used by him for purpose of distribution. The tax is against the person, not the property, and, Gouge having failed to pay it, the relation of debtor and creditor was created. The debt might be enforced by resort to either the cumulative remedy of distraint and sale or by the action at law followed by execution. *State* v. *Bank,* 16 Lea (84 Tenn.), 111. The test of the right to levy on the truck and enforce payment of the tax by a sale of it would be the ownership of Gouge, the taxpayer, not merely his possession of the truck or apparent ownership of it. When the levy was made, title to the truck rested in the conditional vendor whose right was superior to that of the state as a mere levying creditor. *Grange Warehouse Ass'n* v. *Owen,* 86 Tenn. 363, 7 S. W. 457; *Buson* v. *Dougherty,* 11 Humph. 50. And so the original owner, the plaintiffs in this case, could follow the truck into the hands of a third person even though a purchaser at the execution sale. *McCombs* v. *Guilds, Church & Co.,* 9 Lea, 84. This is so because the doctrine of *caveat emptor* applies in execution sales. The purchaser at such sale buys at his peril and occupies

the attitude only of an assignee by operation of law. His title as purchaser is no better than that of the execution debtor. He would take nothing if the execution debtor was clothed with only the right of possession. *Leech* v. *Hillsman*, 8 Lea, 747; 10 R. C. L., p. 1324.

Thus we see that the conditional purchaser's vendee, whether at a voluntary or involuntary sale, could acquire no title superior to that of the holder of the title notes. That might not be true if the holder of the title notes should preclude himself by laches. To avoid that consequence, it was necessary for the conditional vendor to promptly assert its or their right to the property and that was done.

The fact that Gouge was a nonresident without other property than the truck in this state emphasizes the necessity for immediate action by the plaintiffs. Because an agent of Gouge was standing by when the truck was sold by the conditional vendor to enforce payment and became the purchaser could no more affect the right of the plaintiff than that of the state. The original vendor received payment of the balance due on the truck. If there was any excess, the state could have subjected it under the distress warrant already levied and against which levy the replevin action was directed.

It seems, therefore, that any inquiry into the question of whether the replevin action and subsequent sale was a race of diligence by the holder of the conditional sales notes or designed to aid Gouge in avoiding the tax is not material. The plaintiff was asserting a legal right superior to that of the state and at that stage of the procedure could do it more readily and more easily than to have waited until the state sold under its distress warrant and the property passed to an innocent third party.

It follows that the judgment of the trial court must be reversed and judgment entered here sustaining plaintiff's action of replevin and declaring it entitled to retain the proceeds of the truck derived from the sale which has already been made. Costs will be apportioned between the state of Tennessee and Washington County.