## OGLE v. AYCOCK, Rec.

No. 26609.    March 23, 1937.

Rehearing Denied April 27, 1937.

C. B. Leedy, for plaintiff in error.

Billings & Sparks, for defendant in error.

HURST, J. Defendant in error, George L. Aycock, as receiver for the First National Bank of Woodward, Okla., sued J. E. Smith and wife to foreclose a mortgage on certain livestock securing a note given by them. Judgment was obtained and the sheriff was appointed receiver and ordered to sell said property, but reported that he was unable to find any of the mortgaged chattels. Thereafter, on November 22, 1934, a general execution was issued, pursuant to which the sheriff levied on certain livestock and some hay. On December 22, 1934, plaintiff in error, John Ogle, filed an affidavit for leave to interplead, with an interplea attached, in which he claimed a first lien on the hay and part of the livestock levied on, by reason of a mortgage executed to him by the Smiths, which had been filed after the mortgage to the bank, but prior to the issuance of the general execution. On the

same day he served notice upon the sheriff of the filing of said interplea and demanded possession of the property, which was refused. On December 26, 1934, the sheriff sold the property in his possession to satisfy the execution, but retained all of the property claimed by Ogle, except the hay, which he sold for $253.61. The bank filed a response to the interplea, and on January 30, 1935, the court made an order confirming the sale and permitting Ogle to interplead. The order further provided:

"* * * By agreement of the parties, it is ordered that the balance of the property held by J. D. Thomas, sheriff, as property of the defendant herein, taken on execution issued out of this court, being property in which said interpleader claims an interest, be sold on ten days notice."

On the journal entry was written: "O. K. —Chas. B. Leedy, Attorney for intervener." In due course the property was sold for $739, and there was deducted from the proceeds $25 for expenses of the auctioneers and clerk, $339.96 for expense of keeping the livestock from date of levy of execution, and $73.90 for the sheriff's commission.

Issues were joined on the interplea, and the case was tried to the court without a jury. The court found that the bank, by having a general execution issued, waived its mortgage lien, and that therefore the lien of Ogle had priority. The court further found that Ogle consented to the sale of the property contained in his mortgage and that he should bear the expenses of said sale, witness fees, clerks' fees, and fees of the special officer. It was then ordered that the court clerk pay to J. D. Thomas, the special officer, out of the proceeds of the sale, the sum of $448.11 for fees, expenses, and commissions, and to pay the remaining $290.89 to Ogle. The bank was ordered to pay all other expenses between it and Ogle.

The interpleader, Ogle, has appealed to this court and states that the only question involved is:

"Can mortgaged property of a stranger to an action be attached or levied upon under execution, under section 11288, O. S. 1931, without paying or tendering to the mortgagee, or depositing with the county treasurer the amount due thereon, when the mortgage was on file before the levy, and the mortgagee and the defendant in the action have each moved to quash the levy."

We agree with the interpleader that the answer to the question is in the negative. Beatrice Creamery Co. v. Golden (1928) 129 Okla. 86, 263 P. 458. Further citations are unnecessary, as the bank does not deny the correctness of this answer, but claims that the interpleader consented to the sale of the property, and is thereby estopped from demanding the proceeds of the sale.

The interpleader argues that the approval of the journal entry does not constitute approval of the judgment. It is true that this approval only indicates that the journal entry is correct in form and speaks the truth. But it does signify the interpleader's acknowledgment that the court found that he had consented to the sale. The evidence does not justify us in disturbing that finding. The mortgagee may waive his right to have the levy quashed. Collins v. Lawrence-Wyly Mercantile Co. (1912) 34 Okla. 335, 126 P. 242. But it does not follow that he is estopped from claiming the proceeds of the sale. In the case at bar, Ogle filed his interplea prior to the sale and sought a discharge of his property from the levy of the execution. This would have been sufficient to entitle him to the return of his property, if he had not agreed to the sale. The agreement was merely that the proceeds be substituted for his property. When he prevailed in his interplea, he became entitled to all the proceeds, less the expenses incurred subsequent to his agreement.

Therefore, the expenses of the sale, in the sum of $25, and the expenses of keeping the mortgaged livestock from January 30, 1935, to the date of the sale, should be deducted from the proceeds, and the remainder, together with the proceeds of the hay sold by the sheriff at the first sale, in the sum of $253.61, should be paid to the interpleader, Ogle.

Although the special officer, who sold the property, was the same officer who made the wrongful levy in the first instance, the interpleader, by consenting to the sale, waived his right to object to the payment of a commission out of the proceeds, as allowed by section 7846, O. S. 1931. However, the record shows that the sheriff was allowed 10 per cent. of the proceeds of the sale, itemized in his report as follows:

"Published notice of sale, fee filed with the court, commission, which includes all personal time and expense, $73.90."

He is only entitled to the amount prescribed by said statute, earned after such consent by the interpleader, and is entitled to nothing for his personal time.

The case is reversed and remanded, with directions to the trial court to determine the amount of said expenses and fees, and

to proceed in accordance with the views herein expressed.

BAYLESS, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, C. J., and RILEY and WELCH, JJ., absent.