GOLDENSTERN v. GAVIN.

No. 29306. April 2, 1940.

Rehearing Denied May 14, 1940.

Application for Leave to File Second Petition for Rehearing Denied May 28, 1940.

*102 P. 2d 582.*

Maris & Maris, of Ponca City, and Raymond A. Trapp, of Blackwell, for plaintiff in error.

O. B. Martin, of Blackwell, for defendant in error.

DANNER, J.  On May 8, 1937, the defendant in error filed in the district court his action against the plaintiff in error and F. G. Cutsinger for $5,016, damages alleged to have been sustained by reason of the wrongful conversion by the defendants of certain pipe line, ownership of which was claimed by the plaintiff. Summons was issued and served upon the defendants on May 10th and 11th, respectively.

On September 20, 1938, the plaintiff filed an amendment to the petition, and thereafter, on October 24, 1938, filed in the cause his amended petition, in which it is alleged:

"That on or about May 5, 1937, the plaintiff herein became the owner and entitled to the immediate possession of the following described personal property, to wit, a certain pipe line described and located as follows: * * * by reason of a bill of sale and assignment executed and delivered by the Tonkawa Petroleum Corporation to the plaintiff herein, which bill of sale and assignment is dated August 15, 1932. That said bill of sale to said property was delivered to the plaintiff in consideration for legal services to the Tonkawa Petroleum Corporation prior to August 15, 1932. That said bill of sale conveyed to the plaintiff herein title to the pipe line mentioned therein and assigned to the plaintiff the right to recover the same or its value from any persons, a true and correct copy of which bill of sale and assignment is attached hereto marked plaintiff's 'Exhibit A' and made a part hereof.

"That on May 31, 1934, and during the forepart of June, 1934, the defendants herein unlawfully converted the said pipe line to their own use, benefit and value in the following manner to wit: The defendant Joe Goldenstern, doing business as Ponca Salvage and Metal Company, purchased the said pipe and pipe line at a judicial sale from the sheriff of Kay county, Okla., on May 31, 1934, for a consideration of $1,000 in cash, which sale was held pursuant to an order of sale issued out of the district court of Kay county, Okla., on April 27, 1934, and after notice of the same had been published by the sheriff of Kay county in Case No. 16537, styled Fred N. Irby, Plaintiff, versus Tonkawa Petroleum Corporation et al., Defendants. That immediately after, the defendant Joe Goldenstern purchased said property from the sheriff and on the same day he sold the same to one E. Cutsinger for $1,250, and thereafter during the forepart of June, 1934, the defendant herein, F. G. Cutsinger, took up and removed the pipe from the ground and disposed of the same. That the $1,000 received by the sheriff of Kay county from the defendant Joe Goldenstern was paid to the court clerk of Kay county, Okla., which money was thereafter paid out by the court clerk of Kay county, Okla., on August 30, 1935, to the defendant Joe Goldenstern after the district court of Kay county, in the case of Fred N. Irby versus Tonkawa Petroleum Corporation, No. 16537, had entered its order on June 26, 1934, vacating the sheriff's sale of said property and ordering the money paid in by the purchaser returned to him. That said defendants have ever since May 31, 1934, deprived the lawful owner of said pipe of the use, benefit and value of the same. * * *

"Plaintiff further states that he hereby waives the right to sue upon the tort or conversion committed by the defendants herein, and that he hereby elects to sue upon the implied contract on the part of the said defendants to pay for the property so converted by them and belonging to the plaintiff herein. Plaintiff alleges that the fair and reasonable market value of said pipe and pipe line at the time of its conversion by the defendants herein is $1,000. Plaintiff further alleges that he did not learn of the conversion and removal of his pipe by the defendants herein until a short time before the filing of his petition in this case. Plaintiff states that he is entitled to recover as against the defendants and each of them herein in the sum of $1,000, being the fair and reasonable market value

of the property converted and being the amount of the benefits received at the judicial sale of plaintiff's property herein, and that plaintiff is also entitled to recover interest on said sum at the rate of 6 per cent. from May 31, 1934."

The action against Cutsinger was dismissed by the plaintiff. From an adverse judgment Goldenstern appeals, asserting as grounds for reversal that plaintiff's amended petition stated an entirely new cause of action, relief thereon being barred by limitations; that plaintiff failed to prove ownership of the pipe line at the time of the alleged conversion; and that title to the property sold on execution passed to Goldenstern, the purchaser at the time of sale, and in absence of statutory requirement no court confirmation was necessary.

We are of the opinion that the amended petition did not substantially change the cause of action set up in the first petition, and that the claim that the action was barred by limitation cannot be sustained. In the first petition and in the amended petition the time of the alleged conversion is fixed at approximately the same date. The same parties are made defendants, the same property described, and in both petitions recovery is asked upon the implied contract of the defendants to pay for the property converted by them and belonging to the plaintiff. Our conclusion on the proposition is sustained by the following authorities: Phenix Ins. Co. of Brooklyn v. Ceaphus, 51 Okla. 89, 151 P. 568; E. Van Winkle Gin & Machine Works v. Brooks, 53 Okla. 411, 156 P. 1152; Wynnewood Cotton Oil Co. v. Moore, 54 Okla. 163, 153 P. 633; Federal Life Ins. Co. v. Bartlett, 183 Okla. 189, 80 P. 2d 587.

The contention that plaintiff failed to prove ownership of the property at the time of the alleged conversion cannot be sustained, for the reason that in the agreed facts it is conceded that the plaintiff claimed the property under the bill of sale and assignment referred to in the amended petition and made a part thereof. It is further agreed that since June 10, 1934, the defendants had possession of the property and that since said date neither the plaintiff nor the Tonkawa Petroleum Corporation had been in possession of the pipe line; also, that the property was worth the amount claimed by the plaintiff in his amended petition. The trial court decided the question of ownership along with other issues in favor of the plaintiff, and, under the record, its holding will not be disturbed. Jackson v. Turner, 107 Okla. 167, 231 P. 290; Atlantic Refining Co. v. Fulsom, 185 Okla. 357, 91 P. 2d 758.

We find it unnecessary to determine whether the sale of the property under the execution was a judicial sale requiring confirmation by the court. The notice of sale under which the property was sold, and purchased by the defendant, provided for confirmation. The court denied confirmation and set aside the sale, from which order there was no appeal. Thereafter, the defendant received from the court clerk, without objection, the amount of $1,000, the purchase price of the property. Under the condition of the record the point urged by the defendant cannot be sustained. Ogle v. Aycock, Rec., 179 Okla. 626, 67 P. 2d 432; Walker v. Braden (Kan.) 9 P. 613; Brown et al. v. Neustadt et al., 145 Okla. 140, 292 P. 73.

Then, too, the general rule is that the purchaser at sheriff's sale is not an innocent purchaser. In 10 R.C.L., p. 1324, par. 122, the rule is stated as follows:

"The doctrine of caveat emptor applies with full force to purchases at execution sales. Generally the purchaser acquires only such an interest as the judgment debtor possessed, taking merely a quitclaim of the execution debtor's title, without warranty, whether the property is realty or personalty; so that if the judgment debtor has nothing, the purchaser acquires nothing."

See, also, Brewer et al. v. Warner (Kan.) 182 P. 411, 5 A.L.R. 385; State ex rel. v. Blake et al. (Utah) 20 P. 2d 871; Hill-Summers Chevrolet Co. et al. v. Gouge et al. (Tenn.) 64 S. W. 2d 199.

When, in the execution case, the court set aside the sale and denied confirma-

tion, title to the property remained in the defendant in that case, Tonkawa Petroleum Corporation, or in the plaintiff here, as assignee. 23 C. J. 692.

The execution and delivery of the bill of sale, and assignment of the property involved, by the Tonkawa Petroleum Corporation to the plaintiff, as alleged in the amended petition, having been agreed to in the stipulation of facts, we conclude that the plaintiff, as assignee, was the owner of the property at the time of the conversion by the defendant, with full authority to maintain the present action. Section 11901, O. S. 1931, 60 Okla. St. Ann. § 313; Kansas City, M. & O. Ry. Co. v. Shutt, 24 Okla. 96, 104 P. 51, 138 Am. St. Rep. 870, 20 Ann. Cas. 255.

Finding no reversible error, the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and DAVISON, JJ., concur.