812 P.2d 1221

**Stephen W. BOLLER and Mary W. Boller, husband and wife, Plaintiffs–Respondents,**

v.

**SUN VALLEY SHAMROCK RESOURCES, INC.; Clarendon Hot Springs Ranch, Inc., an Idaho corporation and Patrick C. Ryan, Defendants–Appellants,**

v.

**Patrick D. RYAN; R.D. Little; C.H. Hair; Nancy Gunderson; J–U–B Engineers, Inc., an Idaho corporation; Patrick J. Murphy, dba Shamrock Excavation; Sawtooth Engineers; Walker Water Systems, Inc.; Water and Waste Water Company; and All Other Unknown Complaints to Certain Lands Described in Plaintiff's Complaint, Defendants.**

No. 17832.

Court of Appeals of Idaho.

July 5, 1990.

Petition for Review Dismissed
July 31, 1991.

Law Offices of Roger Crist, Ketchum, for defendants-appellants. Roger E. Crist, argued.

Elam, Burke & Boyd, Boise, for plaintiffs-respondents. M. Allyn Dingel, Jr., argued.

**1062**

BENGTSON, Judge, Pro Tem.

This appeal deals with the right of a judgment debtor to require the filing of a satisfaction of judgment where the judgment creditor purchased at execution sale certain real property in which the judgment debtor had an interest but which was subject, at the time of the execution sale, to prior liens or encumbrances in favor of third parties. We hold that the district court erred in denying a motion by the judgment debtor to require the judgment creditor to record a satisfaction of the judgment.

The factual background before us is scant. In summarizing the material facts we rely, apparently as did the lower court, upon the respective affidavits of respondent Stephen W. Boller and Mr. Crist, attorney for appellants. It does not appear that there is any dispute as to the facts revealed by those affidavits, and we set forth salient facts as follows.

As a licensed attorney, respondent Stephen W. Boller performed services for appellants over a period of about nine years. In June of 1985, Boller filled a lien against two parcels of real property situate in Blaine County, Idaho, asserting an attorney's lien in an amount over $45,000 for unpaid legal fees owed him by appellants. One of the parcels of real property was a forty-acre tract; the other was a parcel with dimensions of 100 feet by 56 feet, which we will refer to as "the smaller parcel."

In October, 1985, respondents filed their complaint in this case to foreclose an attorney's lien. Thereafter, the Hon. J. William Hart, who was then the presiding district judge in this matter, entered a judgment, stipulated to by respondents and appellants, awarding respondents judgment against appellants in the sum of $40,000 and foreclosing the attorney's lien against the two parcels of real property described in the lien. At the time the judgment was entered, the smaller parcel was subject to a prior deed of trust in favor of one Gunderson. It further appears that, at the time the judgment was entered, the forty-acre

tract was the subject of a *lis pendens* filed in another action pending in Blaine County.

Thereafter, a writ of execution was issued directing the sheriff of Blaine County to satisfy the judgment by levying upon, and selling at execution sale, sufficient personal property and, if necessary, real property of appellants, to satisfy the judgment. The personal property of appellants being insufficient to satisfy the judgment, the sheriff levied upon the two parcels of real property, and an execution sale was conducted on April 2, 1987. At the sale a representative or agent of respondents (whose authority to act for the latter has not been denied) bid a sum equal to the full amount of the judgment. This bid was the highest bid made, and thus respondents were the successful bidders at the execution sale. Respondents' bid price was credited against the judgment and, later, the Sheriff of Blaine County conveyed the two parcels of real property to respondents by a sheriff's deed.

Gunderson foreclosed her deed of trust lien on the smaller parcel, and this parcel was sold to a third party pursuant to such foreclosure on July 22, 1988.

There is no evidence that, subsequent to the delivery of the sheriff's deed, respondents were deprived of possession of the forty-acre tract. On the contrary, in his affidavit Boller states that in 1987 respondents received $750 "for horse pasture ... on the 40 acre parcel;" and, at oral argument on this appeal, respondents' counsel informed this Court that respondents have been in possession of the forty-acre tract up to, and including, the time of the oral argument. It thus appears that respondents have been in possession of the forty acre tract ever since the delivery of the sheriff's deed.

Appellants, on July 27, 1988, moved the trial court for an order compelling respondents, pursuant to I.R.C.P. 58(b), "to file [sic] a full satisfaction of judgment" upon the grounds that respondents had bid an amount equal to the judgment at the execution sale. The trial court denied the motion and revived the judgment previously entered in favor of respondents pursuant to

I.C. § 11–312. The appellants then sought relief under I.R.C.P. 59(e) by filing a motion to alter the court's decision to revive the judgment. The court's order denying that motion was certified as a final judgment pursuant to I.R.C.P. 54(b), and this appeal followed.

In denying appellants' motion to compel respondents to record a full satisfaction, and in ordering that respondents' judgment be revived, and in denying the motion to alter, the trial court found that there had been "a complete and absolute failure" of the title which respondents acquired in the two parcels by virtue of the execution sale and sheriff's deed. The court below concluded (1) that by virtue of such failure of title "the original judgment is revived pursuant to Idaho Code Section 11–312," and (2) that there had been no consideration paid for which a satisfaction of judgment need be filed, and (3) that the doctrine of *caveat emptor* is not applicable to execution sales. We hold that the court erred in so concluding and erred both in denying appellants' motion to compel the recording of a full satisfaction of the judgment as required by I.R.C.P. 58(b) and in ordering that the judgment was revived under I.C. § 11–312.

### The Caveat Emptor and Failure of Title Issues

We hold that, absent a showing of a fraudulent conveyance of, secret infirmities in title to, or outstanding latent equities in, real property purchased at an execution sale, the execution sale purchaser takes title subject to the doctrine of *caveat emptor*. Generally, an execution purchaser acquires only such interest as the judgment debtor had in the property purchased. *Goldenstern v. Gavin,* 187 Okl. 338, 102 P.2d 582 (1940). See also, *Brewer v. Warner,* 105 Kan. 168, 182 P. 411 (1919); *State v. Blake,* 88 Utah 584, 20 P.2d 871 (1933).

By way of a *dictum* in *Works v. Byrom,* 22 Idaho 794, 799, 128 P. 551, 552 (1912), the Idaho Supreme Court recognized that

It is a well settled principle that the doctrine of *caveat emptor* applies to judicial sales. The purchaser obtains just the title the debtor had; and it has been held that in the absence of fraud, excusable mistake, or misrepresentations respecting the title which have misled him, he will not be relieved from his purchase because the title to the property has failed, where the proceedings would pass the title if the debtor had it.

Furthermore, under I.C. § 11–310, a purchaser at execution sale acquires "all the right, title, interest and claim of the judgment debtor thereto," subject to the right of redemption. Thus, the purchaser at an execution sale acquires title to the property purchased *subject to* prior liens and the right of redemption. *Keel v. Vinyard,* 48 Idaho 49, 279 P. 420 (1929).

The record presented on this appeal is devoid of any showing that the two parcels which respondents purchased at the foreclosure sale were the subject of a prior fraudulent conveyance, were subject to any secret infirmities in the title to the parcels or that the respective titles to such parcels were subject to outstanding latent equities. On the contrary, respondents were aware, actually or constructively, of the Gunderson deed of trust incumbering the smaller parcel and of the *lis pendens* affecting the forty-acre tract.

Indeed, even if respondents had been unaware of such deed of trust or *lis pendens,* or even if the two parcels were subject to secret liens, respondents acquired only such title appellants had therein. If a judgment creditor purchases real property at an execution sale conducted to satisfy his judgment and his judgment is merely credited on the purchase price, he is not a *bona fide* purchaser because he parted with nothing. Under such circumstances, the judgment creditor is not even protected against secret liens and acquires only such title as was held by the execution judgment debtor. *Rexburg Lumber Co. v. Purrington,* 62 Idaho 461, 113 P.2d 511 (1941). Thus, it would appear that the doctrine of *caveat emptor* is, *a fortiori,* applicable to a judgment creditor who purchases at his own execution sale and merely credits the price bid against his judgment.

We acknowledge that the Idaho Supreme Court has heretofore recognized an apparent exception to the doctrine of *caveat emptor* as applicable to execution purchasers in situations where the facts establish that there has been a *complete* failure of title to the real property purchased at an execution sale. Here, the trial judge found that there had been a complete failure of title to the two parcels and apparently concluded that *caveat emptor* did not apply in this action because of such failure of title, relying upon *Mountain Home Lumber Co. v. Swartwout*, 30 Idaho 559, 166 P. 271 (1917), and *Murphy v. Montandon*, 3 Idaho 325, 29 P. 851 (1892).

At oral argument on this appeal, respondents' counsel conceded that *Murphy* was inapposite and that the trial court intended to refer to, and rely upon, *Cantwell v. McPherson*, 3 Idaho 321, 29 P. 102 (1892). We accept such concession and agree with counsel's suggestion that the trial judge intended to cite *Cantwell* as well as *Mountain Home Lumber Co.* in his memorandum opinion and order of September 30, 1988. Nevertheless, we are of the opinion that *Cantwell* is inapposite, that *Mountain Home Lumber Co.* supports appellants' position rather than respondents' contentions and that the trial court's reliance on these cases was misplaced.

While we recognize *Cantwell* held that where a judgment creditor purchases real property at his execution sale and there is a complete and absolute failure of title to the land purchased, the doctrine of *caveat emptor* does not apply, *Cantwell* is factually distinguishable from the case at bar. In *Cantwell*, a mortgagor had entered property under the desert land laws, but had not received his patent prior to mortgaging the property. The mortgage was foreclosed and the property was sold at sheriff's sale to the appellant, who was the assignee of the mortgagee. The entry had been challenged as fraudulent by another party before the patent was issued, and prior to the sheriff's sale the entry was cancelled. The appellant claimed he failed to recover possession of the property as a result of the failed entry and sought to revive his judgment under section 4498 of the Revised Statutes of Idaho, the predecessor to I.C. § 11–312. In holding that appellant was entitled to proceed with the action to revive his judgment, the Supreme Court held that the mortgagor had neither legal nor equitable title to the mortgaged real property due to the fact that the mortgagor's entry under the desert land laws had been cancelled. The court reasoned that since the mortgagor never had *any* right or title to the mortgaged premises, such premises were never subject to execution or sale as his property and that thus there had been a complete and absolute failure of title to the land purchased at the foreclosure sale. However, in the present case, there is no showing to even remotely suggest that appellants did not have *any* right, title or interest to the two parcels purchased by respondents at the execution sale.

Although *Mountain Home Lumber Co.* is factually distinguishable from the case at bar, it appears to support appellants' argument that the rule of *caveat emptor* applies to respondents' execution purchase of the two parcels in question. In *Mountain Home Lumber Co.*, one Garrett was found to have held title to certain real property in trust for one Swartwout. Mountain Home Lumber Company obtained a judgment against Garrett, and the property in question was sold at execution sale to the lumber company, the judgment creditor; the price bid by the latter was credited against the judgment entered against Garrett. The lumber company then brought an action against Swartwout and others to quiet title to the property. In reversing the lower court's judgment, the Supreme Court held that the lumber company, as execution creditor, only acquired such title as Garrett had in and to the property and thus took title subject to Swartwout's beneficial or equitable interest. The Supreme Court ordered the lower court to enter judgment quieting title in Swartwout.

We thus conclude that there was not a "complete and absolute failure of title" as contemplated by *Cantwell, supra,* and that the trial court erred in so finding. We also hold that the trial court erred in concluding

that the execution sale at which respondents purchased the two parcels of real property was not subject to application of the doctrine of *caveat emptor.*

Having so concluded, we hold that appellants' motion to compel the recording of a full satisfaction of the judgment obtained by respondents should have been granted if the judgment has been fully satisfied under the facts of this case. The mandate of I.R.C.P. 58(b) is clear; the question is whether, upon respondents' purchase of the two parcels at the execution sale, their judgment was fully paid.[1]

Generally, if the judgment creditor is the purchaser at an execution sale and bids the whole amount due on the judgment, the judgment is satisfied in full. *Shirley v. Mahoney,* 26 Ariz.App. 498, 549 P.2d 593 (1976); *Tonopah Banking Corp. v. McKane Mining Co. of Tonopah,* 31 Nev. 295, 103 P. 230 (1909).

It is clear that at the execution sale respondents' agent or representative bid the whole amount due on respondents' judgment and thereupon appellants were entitled to require respondents to record a satisfaction of the judgment in Blaine County. Consequently, the trial court erred in denying appellants' motion to compel respondents to do so.

### The Revival Issue

◼ When the trial court denied appellants' motion to compel the recording of a satisfaction of respondents' judgment, it also revived respondents' judgment under I.C. § 11–312.[2] Appellants argue that the procedural requirements of said section were not met since respondents failed to

file a motion to revive the original judgment. On the record before us, it appears that this issue was not raised in district court; therefore, we will not address it here. *Johnson Equipment v. Nielson,* 108 Idaho 867, 702 P.2d 905 (Ct.App.1985).

◼ Appellants also contend that the district court erred in reviving the judgment because respondents failed to establish the necessary factual predicate for applying I.C. § 11–312. Because of the brevity of the trial court's "Decision and Order" filed August 24, 1988, denying the motion to compel the recordation of a satisfaction of judgment and ordering revival of respondents' judgment, it is somewhat difficult for us to clearly understand the legal basis upon which revival was ordered. It appears, however, that the trial court found there had been a failure of title[3] and that such fact formed the predicate for reviving the judgment. We disagree.

We find nothing in I.C. § 11–312, which permits the revival of a judgment for "failure of title." Under the latter section, the judgment can be revived if the purchaser fails to recover possession (1) because of an irregularity in the sale proceedings or (2) because the property sold was not subject to execution and sale. The procedural regularity of the execution sale has not been challenged; therefore, the only possible basis upon which to support the trial court's order of revival would be that respondents failed to recover possession of the two parcels because such parcels were "not subject to execution and sale."

◼ Such basis is not found in the record before us. First, there is no show-

---

1. Rule 58(b) provides that "[u]pon full payment of a judgment, the party in whose favor the judgment was rendered shall have the duty to record a satisfaction of judgment in every county where the judgment or abstract of the judgment is recorded and to file it in the court of entry. A satisfaction of judgment may be signed by the attorney of a party in whose favor the judgment was entered."

2. I.C. § 11–312 recites in part: "... If the purchaser of property at sheriff's sale, or his successor in interest, fail to recover possession in consequence of irregularity in the proceedings concerning the sale, or because the property

sold was not subject to execution and sale, the court having jurisdiction thereof, must, after notice and on motion of such party in interest, or his attorney, revive the original judgment in the name of the petitioner, for the amount paid by such purchaser at the sale, with interest thereon from the time of payment at the same rate that the original judgment bore; and the judgment so revived has the same force and effect as would an original judgment of the date of the revival, and no more."

3. As already discussed, we have concluded that there was no such failure of title.

ing that respondents failed to "recover possession" of the two parcels. On the contrary, and as noted in our summary of the facts set forth above, respondents acknowledge that they have had, and continue to have, possession of the forty-acre tract. As to the smaller parcel, there is nothing in the record to establish that respondents failed to recover possession of such tract because such parcel was "not subject to execution and sale."

Even if the record before us showed that respondents had failed to recover possession of the parcels purchased at execution sale, the judgment was not subject to revival unless the failure to recover possession was occasioned either (1) because of irregularity in the proceedings concerning the sale,[4] or (2) because the property sold was not subject to execution and sale. I.C. § 11–312.

We hold that, within the intent and purview of I.C. § 11–312, real property "not subject to execution and sale" means only:

(1) real property which is exempt from execution as a homestead under I.C. §§ 55–1001, et seq.; or

(2) as in *Cantwell, supra,* real property in which the judgment debtor had no right, title or interest whatsoever.

Since there is nothing in the record to establish that respondents failed to recover possession of the two parcels of real property and nothing in the record before us to establish either (1) that the two parcels—or either of them—were subject to a claim of homestead, or (2) that appellants, at the time of the attachment of respondents' judgment had no right, title or interest in either parcel, we hold that the district court erred in reviving respondents' judgment under the provisions of I.C. § 11–312.

The order reviving respondents' judgment is *vacated.* The order denying appellants' motion to compel recordation of a full satisfaction of respondents' judgment is *reversed.* The matter is remanded with instructions to enter an order requiring respondents to record in Blaine County, Idaho, a full satisfaction of judgment within a reasonable time following the entry of such order and for further proceedings to dispose of the remaining issues joined by the pleadings. The court is further instructed to enter an order, pursuant to I.R.C.P. 70, directing the clerk of the district court in Blaine County, Idaho, to execute and record a full satisfaction of respondents' judgment in the event respondents fail to do so within the time specified by the trial court. Costs to appellants. No fees allowed on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.

---

4. As already noted, there is no contention of any irregularity in the proceedings concerning the sale.