No. 21,812.

HARRY H. BREWER and ELLA BREWER, *Appellants,* v. A. H. WARNER, *Appellee.*

OPINION DENYING A REHEARING.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion denying a rehearing filed December 6, 1919. (For original opinion of reversal see *ante,* p. 168, 182 Pac. 411.)

H. O. *Trinkle,* of Garden City, for the appellants.

*Richard J. Hopkins,* and *Albert Hoskinson,* both of Garden City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: In a petition for a rehearing the counsel filing it disputes what was said in the original opinion, *ante,* p. 174, concerning the decision in the case of *White v. Houser,* 98 Kan. 645, 158 Pac. 1123. In the present case the question was, whether or not confirmation of an execution sale aided appropriation of the plaintiff's homestead to payment of a debt contracted before patent was issued. *White v. Houser* was cited to show that it did, and counsel asserts that White's homestead right was cut off because sale of his land was confirmed.

The ground of the decision in *White v. Houser* is stated in the last paragraph of the opinion:

"But while the Houser judgment was erroneously made a lien upon the land because intended by congress to be left free from such attachments, still the error did not oust the court of jurisdiction, and White's remedy was by appeal or by opening up the judgment rendered on publication service, under the civil code." (p. 647.)

It had been argued by Houser that the order confirming the sheriff's sale was not appealable after expiration of the term at which it was made. That argument was stated in the opinion. The court, however, went on to say that the action was really not one to set aside the judgment, but to relieve the land from the lien thereof; that while the judgment was erroneously made a lien, the error did not oust jurisdiction; and that White's remedy was by appeal, or by opening the judgment. No consideration whatever was given to the order confirming the sale. What created the lien was confirmation of the attachment and the order to sell, embraced in the judgment, and not the formal approval of the regularity of the sale proceeding indicated by confirmation. What was said in the original opinion in the present case was intended to stress that fact. While the thought might have been better expressed, the court knew its own mind in both cases.

The petition for a rehearing insists that the court should decide whether or not an attachment sale is a judicial sale. The question was not raised and was of no consequence in *White v. Houser.* In this case the court had under consideration a sale under general execution. It decided everything necessary to final determination of this case, and, like the

street sweeper, feels that when it has humbly cleaned the snow off the sidewalk it has earned its copper, and is not obliged to stand, shovel in hand, telling people where to go.

The petition for a rehearing is denied.