No. 28,396.

C. R. BLURTON, *Appellee,* v. THE FIRST NATIONAL BANK IN DODGE CITY, *Appellant.*

(273 Pac. 401.)

Opinion filed January 12, 1929.

*Carl Van Riper,* of Dodge City, for the appellant.

*R. J. Shetlar,* of Johnson, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This proceeding is one to determine whether or not the purchaser of real property at judicial sale is entitled, on redemption of the land from the sale, to recover interest paid on a prior mortgage on the land which was sold subject to that mortgage, where the purchaser at the time of redemption had not filed with the clerk of the district court receipts showing payment of interest

after the sale. Judgment was rendered for the plaintiff, and the defendant appeals.

The action was tried on an agreed statement of facts, as follows:

"That on the 9th day of September, 1924, this action was brought by C. R. Blurton against F. F. Parsons for the recovery of $821.37;

"That judgment was rendered on the 14th day of September, 1925, in favor of C. R. Blurton for the sum of $880.72, with interest thereon at the rate of ten per cent per annum from the date of the rendition of said judgment, and for costs;

"That at the time of the rendition of said judgment, F. F. Parsons was the owner of the north half (N½) of section twenty-five (25), in township thirty (30), south of range forty-three (43), west of the sixth principal meridian, in Stanton county, Kansas, which land was subject to a mortgage in the amount of $2,200 to the Joint Stock Land Bank of Kansas City, Mo.

"That on the 23d day of December, 1925, execution was issued out of the office of the clerk of the district court of Stanton county, Kansas, which was levied upon the above-described land by the sheriff of Stanton county, Kansas;

"That said land was sold by the sheriff of Stanton county, Kansas, as required by law, on the 23d day of February, 1926, and that the return of the sheriff under said execution shows that said land was sold to C. R. Blurton for the sum of $919.58, subject to said mortgage of $2,200 to the Joint Stock Land Bank of Kansas City, Mo.

"That the sale so made by said sheriff under said execution was confirmed on the 29th day of June, 1926, and that the time for the redemption of said land from said sale was fixed at eighteen months;

"That on the 1st day of November, 1926, F. F. Parsons and his wife conveyed the above-described land to the First National Bank in Dodge City, Kan., subject to all existing liens of record;

"That on the 3d day of September, 1926, C. R. Blurton paid interest in the sum of $97.57 to the Joint Stock Land Bank of Kansas City, Mo., on said loan of $2,200;

"That on the 4th day of October, 1926, C. R. Blurton paid interest in the sum of $77 to the Joint Stock Land Bank of Kansas City, Mo., on said loan of $2,200;

"That on the 15th day of April, 1927, C. R. Blurton paid interest in the sum of $77 to the Joint Stock Land Bank of Kansas City, Mo., on said loan of $2,200;

"That on the 16th day of April, 1927, the First National Bank in Dodge City, Kan., redeemed said land above described, by paying into the office of the clerk of the district court of Stanton county, Kansas, the sum of $1,002.68, which was the amount for which said land was sold at said sheriff's sale, including interest and costs, but which amount did not include the interest payments made by C. R. Blurton to the Joint Stock Land Bank of Kansas City, Mo., as aforesaid; and

"That on the 11th day of August, 1927, C. R. Blurton caused to be filed in the office of the clerk of the district court of Stanton county, Kansas, the

receipts showing the payments of interest made to said Joint Stock Land Bank of Kansas City, Mo., as aforesaid.

"The sole question presented for determination is the interpretation of chapter 199 of the Session Laws of 1925, as to whether or not C. R. Blurton is entitled to have returned to him the interest payments made by him to the Joint Stock Land Bank of Kansas City, Mo."

The statute, section 1 of chapter 199 of the Laws of 1925, in part, reads:

"That section 60-3443 of the Revised Statutes of Kansas of 1923 be and it is hereby amended to read as follows: 60-3443. During the period allowed for the redemption of real property from sale under execution, special execution or order of sale, the holder of the certificate of purchase may pay the taxes on the lands sold, insurance premiums on the buildings thereon, and interest upon any prior lien or incumbrance thereon; and, upon the redemption of the premises from such sale, the holder of the certificate shall be entitled to repayment of all sums thus paid by him, together with interest thereon. The terms of redemption shall be, in all cases, the reimbursement of the amount paid by the then holder of the certificate of purchase, added to his own claim, and including all sums paid by him for taxes, insurance premiums and interest as shown by receipts or vouchers to be filed in the office of the clerk of the district court, with interest, together with costs, subject to the exemption contained in the next section."

The land was sold subject to a prior mortgage of $2,200. The defendant succeeded to the rights of the purchaser at that sale. The bank purchased the land from F. F. Parsons, the mortgage judgment debtor, in whose hands the land was subject to the payments of the interest on the mortgage. If the bank obtains the land without payment of that interest it gets it for less than it ought to pay. The purchaser of the land at the sheriff's sale paid that interest which was a lien on the land, which in turn would have been subject to foreclosure under the mortgage if the interest had not been paid. Under the statute, he had a right to pay that interest. The purchaser, C. R. Blurton, did not comply with the statute in filing his receipts, but outside of the statutory provision the situation is such that equity demands that the bank should not obtain the land without paying the interest that had been paid on the mortgage.

It follows that the judgment should be, and is, affirmed.