No. 43,570

Lambert Lumber Company, a Corporation, *Plaintiff*, v. Ruby Smith Petrie, *Appellant*, and E. Summerfelt, Jr., (Gordon K. Lowry, holder of Sheriff's Certificate of Purchase) et al., *Appellees*.

(383 P. 2d 518)

Opinion filed July 10, 1963.

*Forrest A. Jackson,* of Lawrence, argued the cause and was on the brief for the appellant.

*Gordon K. Lowry,* of Valley Falls, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

Schroeder, J.: This appeal involves the redemption of real property sold on execution sale.

The question presented is whether the purchaser at an execution sale is entitled to be reimbursed on redemption of the property for state and federal taxes paid by the purchaser after confirmation of the sale by the court, such taxes being prior liens upon the property in question to the lien of the judgment creditor.

The material facts are not controverted and have been established either by stipulation or admission.

City property owned by Ruby Smith Petrie (appellant) was sold on execution sale on September 10, 1962, to satisfy a judgment of E. Summerfelt in the sum of $3,062.85 plus interest and costs. The purchaser at the execution sale, Gordon K. Lowry (appellee), bid the property in at $4,185 and received the sheriff's certificate of purchase for this sum. The property was sold subject to a first mortgage, and the purchase price was sufficient to satisfy only the judgment plus interest and costs.

After the sheriff's sale was confirmed on September 21, 1962, Lowry paid federal tax liens in the sum of $2,771.47; Jefferson

county taxes in the sum of $365.27; insurance premiums in the sum of $60.50; and a first real estate mortgage held by Carl and Helen M. Smith in the sum of $8,533.15. The tax liens were prior to the judgment lien of Summerfelt.

The question involved is whether Petrie in redeeming the property purchased by Lowry at the sheriff's sale on September 10, 1962, should pay the sum of $15,915.69, plus interest accrued, or shall be entitled to redeem at a lesser sum by excluding the amounts paid on taxes.

On redemption from the sheriff's sale Lowry contends the amount of the taxes paid should be added onto the amount of his certificate of purchase, and Petrie contends the taxes should have been paid out of the proceeds of the execution sale.

The trial court held under the provisions of G. S. 1949, 60-3443, the redemption price should include the sums paid by the holder of the certificate of purchase to satisfy the tax liens, for a total figure of $15,915.69, plus interest at 6% for the various items paid as of the date each item was paid.

The trial court further held that even if it were not the intention of the legislature to include the payment of tax liens within the meaning of 60-3443, *supra*, "it is the opinion of the court that equity demands that the defendant, Ruby Smith-Petrie, should not be able to redeem said premises without paying said tax liens, and that to allow such would result in an unjust enrichment at the expense of the said holder of this certificate of purchase."

In support of her contention that all taxes due or payable at the time of the sheriff's sale should be paid out of the proceeds of the execution sale, the appellant cites G. S. 1949, 79-419, and *Galbreath v. Drought*, 29 Kan. 711. These authorities relate to *judicial sales* and require the court to order all taxes against the lands in question to be discharged out of the proceeds of such judicial sale. Other authorities relied upon by the appellant deal with mortgage foreclosures and partition suits and are clearly distinguishable from our present case.

Execution sales are not judicial. It is true they must be supported by a judgment, decree or order, but the judgment is not for the sale of any specific property. It is only for the recovery of a designated sum of money. The court gives no directions and can give none concerning what property shall be levied upon. It usually has no control over the sale beyond setting it aside for

noncompliance with the directions of the statute. The chief differences between execution and judicial sales are that the former are based on a general judgment for so much money, while the latter are based on an order to sell specific property; the former are conducted by an officer of the law in pursuance of the directions of a statute, while the latter are made by the agent of a court in pursuance of the directions of the court; in the former the sheriff is the vendor, in the latter the court. (*National Reserve Life Ins. Co. v. Kemp,* 184 Kan. 648, 655, 339 P. 2d 368; and see, *Brewer v. Warner,* 105 Kan. 168, 182 Pac. 411, 5 A. L. R. 385, rehearing denied 105 Kan. 591, 185 Pac. 889.)

G. S. 1949, 60-3443, provides in part:

"During the period allowed for the redemption of real property from sale under execution, special execution or order of sale, the holder of the certificate of purchase may pay the taxes on the lands sold, insurance premiums on the buildings thereon, and interest or sums due, upon any prior lien or encumbrance thereon; and upon the redemption of the premises from such sale the holder of the certificate shall be entitled to repayment of all sums thus paid by him, together with interest thereon. The terms of redemption shall be in all cases the reimbursement of the amount paid by the then holder of the certificate of purchase, added to his own claim, and including all sums paid by him for taxes, insurance premiums, and interest or sums due, as shown by receipts or vouchers to be filed in the office of the clerk of the district court, with interest, together with costs, subject to the exemption contained in the next section. . . ."

We have been cited to only one case in which redemption was attempted for less than what the purchaser paid out. In *Blurton v. First Nat'l Bank,* 127 Kan. 304, 273 Pac. 401, the purchaser of property at the execution sale bought subject to a mortgage and neglected to file his receipt showing that he had paid the interest on the mortgage. The court quoted 60-3443, *supra,* as it appeared in the Laws of 1925, with approval and said of the redeeming bank:

". . . If the bank obtains the land without payment of that interest it gets it for less than it ought to pay. The purchaser of the land at the sheriff's sale paid that interest which was a lien on the land, which in turn would have been subject to foreclosure under the mortgage if the interest had not been paid. Under the statute, he had a right to pay that interest. The purchaser, C. R. Blurton, did not comply with the statute in filing his receipts, but outside of the statutory provision the situation is such that equity demands that the bank should not obtain the land without paying the interest that had been paid on the mortgage." (p. 306.)

In the case at bar the appellant agreed by stipulation that the

insurance premium paid by Lowry should be allowed. Under the statute it is in the same category as the taxes or sums due upon any prior lien or encumbrance thereon.

We think the foregoing statute (60-3443, *supra*) is clear and requires no construction for application to the facts of the instant case. The receipts for the payment of taxes by Lowry were filed with the clerk of the district court on September 21 and 22, 1962. The sale was confirmed on the 21st day of September, 1962, and the proceeds were not disbursed by the clerk until the 28th day of September, 1962, at which time she found no taxes due.

The trial court properly applied the provisions of 60-3443, *supra*, by including the amount paid by the purchaser to satisfy prior tax liens in the total sum for which the property could be redeemed.

The judgment of the lower court is affirmed.