Charles B. CHITTIM, Appellant
(Defendant below),

v.

ARMCO STEEL CORPORATION, a corpora-
tion, Appellee (Plaintiff below).

ARMCO STEEL CORPORATION, a corpora-
tion, Appellant (Plaintiff below),

v.

Charles B. CHITTIM, Appellee
(Defendant below).

Nos. 3435, 3436.

Supreme Court of Wyoming.

Nov. 24, 1965.

Overpeck, Hamblin & Mueller, Belle Fourche, S. D., Otis Reynolds of Reynolds & Hughes, Sundance, for Charles B. Chittim.

Edward S. Halsey, of Halsey, Whitley & Liamos, Newcastle, for Armco Steel Corp.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Action was brought in the District Court of Crook County by Armco Steel Corporation, plaintiff, against Charles B. Chittim, defendant, for an unpaid balance on oil-well equipment. The defendant counterclaimed for damages resulting from an alleged conversion of the oil-well equipment by plaintiff.

The trial judge, trying the case without a jury on a change of venue to Campbell County, found Armco was entitled to recover $7,394 for a balance owing on equipment. He also found Chittim was entitled to recover from Armco an equal amount for damages resulting from its conversion of the equipment. Offsetting the balance owing against the damages, the district court concluded neither party should recover. Both parties have appealed from that decision.

The identical parties were before us in National Supply Company v. Chittim, Wyo., 387 P.2d 1010. Since that time the plaintiff's name has been changed from National Supply Company to Armco Steel Corporation. Our decision in the former case affirmed the action of the District Court of Crook County in setting aside a default judgment for foreclosure of a lien, because of defects in service.

It is now admitted that Armco purported to sell Chittim's property under a foreclosure sale, on a judgment which was subsequently held to be void and of no effect. At this sale, Armco bid the oil-well equipment in for $4,550. Whereupon, it took possession of such property, salvaging it from the well.

By reason of the foreclosure judgment being held to be void, parties now seem to be in agreement that the actions of Armco in taking possession of and salvaging the oil-well equipment constituted a conversion of Chittim's property, unless Chittim had previously lost his right to possession of the equipment.

Thus, it seems the principal questions which we need resolve are (1) whether Chittim had lost his right to possession of the equipment; and (2) if not, whether there was a substantial basis for the trial court's finding as to the amount of damages. The parties are agreed that Chittim originally owed Armco $11,944.

### The Right of Possession

Armco's argument that Chittim did not have a right of possession is predicated on

the proposition that Addie Rich had a judgment against Chittim; that the effect of § 29–35, W.S.1957, is to deprive the owner of the right of possession of property which is subject to a lien; that the sheriff levied against the oil-well equipment to satisfy both the Rich and the Armco liens; that the Rich judgment has not been declared invalid; and that the sheriff's foreclosure sale was therefore valid and legal by reason of the Rich judgment being valid, even though the Armco judgment was not valid.

■ We find no merit in Armco's assertion that the effect of the lien statute, § 29–35, prior to foreclosure of liens, is to deprive the owner of the property of the right to possession. Although we do not dispute the validity of Rich's judgment, we cannot accept the validity of the sheriff's sale.

The foreclosure judgment of the district court gave judgment to National Supply Company in the amount of $13,157.66 and recited that the lien of this judgment should be on an equal footing with the lien of Rich's judgment in the amount of $3,182.63. It was ordered that the liens be foreclosed and all proceeds from the sale of defendant's personal property be prorated between National and Rich.

■ The foreclosure judgment was entered in Civil Action No. 3944, Crook County District Court. This is the judgment which afterward was declared void and vacated by the district court, for lack of service on Chittim. In National Supply Company v. Chittim, supra, appeal was taken from the judgment for vacation. We affirmed the action of the district court in declaring the foreclosure judgment void and in vacating it.

It is true, as Armco now argues to us, that the vacation judgment purported to apply only to the rights and obligations of National and Chittim. It ordered in so many words that the rights, if any, of Rich should not be disturbed or prejudiced by such vacation. Counsel for Armco (formerly called National Supply Company)

overlook the fact that if Chittim was not served in Civil Action No. 3944, then Rich acquired no more rights under that action than National did, and the foreclosure judgment would be just as void as to Rich as it was to National.

■ This is not to say Rich did not continue to have rights under his own judgment, which were not disturbed. We are merely saying he acquired no rights under the foreclosure judgment in Civil Action No. 3944. Furthermore, the defective and void foreclosure judgment led inevitably to defective and void sale procedures.

For example, a special execution was issued by the clerk of court reciting that sale of defendant's property should be made to satisfy the sums of $13,157.66 and $3,182.63. This was in keeping with § 1–369, W.S. 1957, which requires that the writ of execution shall command the officer to whom it is directed that of the goods of the debtor he cause to be made the "money specified in the writ."

■■ If the money specified in the writ is erroneously stated to be $13,157.66 plus $3,182.63 instead of only $3,182.63, it cannot be considered a valid writ for two reasons. In the first place, it is likely to result in the sale of more of the judgment debtor's property than sound judgment would dictate. See 33 C.J.S. Executions § 202, p. 440. In the second place, it prevents the judgment debtor from protecting his property by payment of the correct amount for redemption. Any levy and sale under execution, after a lawful tender of the correct amount due, would be illegal. See 21 Am.Jur., Executions, § 507, p. 251.

■ In Lambert Lumber Company v. Petrie, 191 Kan. 709, 383 P.2d 518, 519, it is made clear that execution sales are not for the sale of any specified property but only for the recovery of a designated sum of money. It would follow from this that there needs to be a reasonable degree of accuracy in designating the sum of money to be recovered, for a sale to be considered valid.

## Damages

■ Having concluded, as we have, that the trial court had sufficient reason to hold Armco liable for conversion of defendant-Chittim's property, we turn to the question as to whether its finding as to the amount of damages is supported by the evidence. The question is not whether we would have fixed damages at the same level, but whether there was evidence which would justify the court's finding with respect to damages.

Chittim argues the equipment cost several times over what was allowed for it, but for purposes of this case, the question is whether it should be valued at new or salvage values. Evidence was offered on behalf of Armco indicating the value of the equipment was as low as $4,500. It is apparent from the testimony that such a valuation was based on the assumption the equipment would be salvaged from the oil well.

■ In this same connection, counsel for Chittim complains that the trial court should not have permitted E. L. Pheister, a dealer in secondhand oil-field equipment, to testify as to the value of the equipment here involved. We recently said, in State Highway Commission v. Newton, Wyo., 395 P.2d 606, 608, whether or not the qualifications of a witness to testify as an expert on valuation are sufficiently established is a question for preliminary determination by the trial judge within the proper limits of his discretion. We see no reason why the same rule would not apply here, and we think no abuse of discretion has been shown.

The valuation theory advanced in behalf of Chittim is that he should be compensated for destruction of a prospect hole and oil well, it being contended he is entitled to recover the cost of drilling the well. Finding numbered 6 of the trial court's findings of fact and conclusions of law dealt with this particular matter, stating:

"That the defendant, Chittim, did nothing to effect any production or make any effort to exercise any development or exploration on the above described premises from January, 1960, to July 31, 1961, and that he had in fact abandoned the well and had lost any right to any leasehold interest in the lands described in the Farmout Agreement with Texas Pacific Coal and Oil Company. * * * *"

■ We do not propose to review all of the evidence relating to abandonment and whether Chittim did or did not still have a right to try to rework his well. We will simply say the evidence was undisputed that he did nothing on his well from January 1960, to July 31, 1961, and the trier could infer he had abandoned it. As to whether he had lost his leasehold interest, the evidence was in conflict, and we will assume all evidence favorable to the court's finding to be true. Therefore, we will not disturb such finding.

■ We realize it is difficult to conceive of a measure of damages which would mathematically result in a figure exactly equal to the balance due on Armco's account against Chittim. However, where there cannot be a fixed standard for determining the amount of damages, triers of fact must of necessity be given broad discretion in deciding what award is fair and just. Sills v. Soto, 124 Cal.App.2d 539, 269 P.2d 98, 102. See also Shrum v. Wakimoto, 70 Idaho 252, 215 P.2d 991, 993.

We have no doubt that the trial judge in this case believed the parties deserved to be left in the position where he found them—in other words that there were offsetting equities between them. If he accomplished that result by fixing the damages to Chittim at a figure exactly equal to the balance still owing to Armco, it does not necessarily mean, from that fact alone, that his award of damages was arbitrary or improper.

In Sun Land & Cattle Co. v. Brown, Wyo., 394 P.2d 387, 391, we declined to condemn a quotient verdict where each of several plaintiffs was awarded damages equal to exactly one-third of the amount claimed, in the absence of a showing that the jury was not free to accept or reject the quotient in each instance. Here, it is apparent the

trial judge was free to fix Chittim's damages at any figure greater or less or equal to the balance found owing to Armco.

■ If we accept the fact, as we do, that the district court was justified in valuing the oil-well equipment at salvage values, then we must hold the court's award of damages to have been reasonable and within the bounds of the evidence before it.

Counsel for Armco calls attention to the rule that the measure of damages in a conversion is the fair market value of the property. From this he suggests Chittim's damages being fixed at $7,394 would mean the value of the property was $7,394; and, inasmuch as the total of Armco's original account was $11,944.00, it would follow that Armco should have had judgment for the difference of $4,550.

As we read the findings of fact and conclusions of law of the trial judge, and also the judgment actually entered, it is clear to us the judge meant Chittim was damaged $7,394 in addition to the $4,550 credit which he had already been given on account of Armco's bid at the defective foreclosure sale. There can be no doubt of this in view of clear and explicit language in the findings and judgment to the effect that the judgments of the respective parties "are off-setting and that neither party shall recover anything from the other."

■ In any event, when the findings of fact, conclusions of law, and judgment were entered, it was as obvious to Armco then as it is now that the judge was offsetting one judgment against the other. If any mistake had in fact been made by the judge in balancing one judgment against the other, such mistake should have been brought to the attention of the trial court for correction.

Following entry of the judgment, plaintiff-Armco failed to file a motion for relief under Rule 59(e) or Rule 60, W.R.C.P., which would seem appropriate to correct any error Armco now insists was made.

Under these circumstances, its appeal comes within the principle we laid down in DeWitty v. Decker, Wyo., 383 P.2d 734, 738–740, wherein we held counsel was obligated to bring to the attention of the trial court an irregularity appearing on the face of a jury verdict and thus afford the trial court, while the jury was still present, an opportunity to correct the verdict; and failing in this the point was waived on appeal. That principle is all the more applicable in the case at bar where trial was to the court and not to a jury.

We find no reversible error in connection with any of the assignments made by either party, and the judgment of the district court should be affirmed.

Affirmed.

PARKER, C. J., concurring in the result.