No. 45,732

Leslie L. Needham, *Appellee and Cross-Appellant,* v. Stanley E. Young and Geraldine M. Young, *Appellants.*

(470 P. 2d 762)

Opinion filed June 13, 1970.

*Van Smith,* of Jetmore, argued the cause and was on the brief for appellants.

*Rae E. Batt,* of Batt and Meeks, of Kinsley, argued the cause and was on the brief for appellee and cross-appellant.

The opinion of the court was delivered by

Fromme, J.: This appeal and cross-appeal is from an order of the district court vacating and setting aside an execution sale of real estate in Hodgeman county.

The judgment debtors appeal from that portion of the order which requires them to repay to the purchaser at the sale the amount paid by the purchaser on a prior outstanding mortgage. The judgment debtors, Stanley E. Young and Geraldine M. Young, are the owners of the land. They were the defendants below and are the appellants herein. We will refer to them as the defendants.

The judgment creditor cross-appeals and contends generally that

the court erred in vacating the sale proceedings. The judgment creditor, Leslie L. Needham, was the purchaser at the sale. He was the plaintiff below and is the appellee and cross-appellant herein. We will refer to him as the plaintiff or the purchaser.

A recitation of the events leading to the execution sale is necessary to understand the contentions of the parties.

The plaintiff obtained a judgment against the defendants in the district court of Edwards county. Nine months later he caused an attested copy of the journal entry of judgment to be filed in the office of the clerk of the district court of Hodgeman county. The filing procedure is authorized by K. S. A. 60-2202 and perfects the judgment lien on any real estate owned by the judgment debtor in the county where the filing occurs.

The defendants owned a half section of land in Hodgeman county. On the day the journal entry was filed a general execution was issued by the clerk to the sheriff of Hodegman county. Pursuant to the general command of the execution the sheriff levied upon the defendants' land. The real estate was advertised and sold at the courthouse in Hodgeman county. The plaintiff who had obtained the original judgment against the defendants in Edwards county was the successful bidder at the sheriff's sale. All subsequent proceedings referred to herein were held in the district court of Hodgeman county.

The sheriff filed his return on the execution sale with the clerk of the district court. The return shows the land was sold to plaintiff for $100,000 subject to mortgage liens of record. The record on appeal indicates the plaintiff paid only $30,102.88 cash into court and then moved the court to confirm the sale. We assume this was the amount of the defendants' equity in the land above the amount of the judgment ($4,597.77) and the mortgage indebtedness.

On November 8, 1967, the district court confirmed the sale and fixed the period of redemption at eighteen months. The decree of confirmation stated the defendants could redeem the land by paying $30,102.88 with interest plus the amount of the judgment lien and costs. A certificate of purchase was issued to the plaintiff.

On December 1, 1967, the defendants entered an appearance in the district court of Hodgeman county by filing a motion to set aside the sale. They asked the court to vacate the sale proceedings on the ground the sale price was inadequate and on the further ground the entire sale price ($100,000) had not been paid into court. The motion was denied on December 6 after oral arguments.

In denying the motion the court ordered the plaintiff to pay the outstanding mortgage indebtedness. The order further provided in event of redemption any payments of principal and interest made on the mortgage should be repaid to plaintiff.

In February 1968 the defendants filed a second motion asking the court to require the plaintiff to pay the full amount of his bid ($100,000) into court. The motion was denied.

On July 18, 1968, the defendants filed a third motion to vacate and set aside the sale proceedings for the reason the execution was wrongfully issued in Hodgman county in violation of the express terms of K. S. A. 60-2202. This statute in perinent part reads:

". . . Executions shall be issued only from the court in which the judgment is rendered."

While this motion was pending a mortgage payment came due. The plaintiff had previously paid $8,868.91 to the clerk of the court to cover this payment. The district court at the request of the plaintiff ordered the clerk to pay this sum to the mortgagee bank. The payment was made and the bank filed a receipt for the payment with the clerk.

Before the third motion was heard the defendants paid the judgment against them in the district court of Edwards county.

The third motion was heard.

The district court of Hodgeman county entered an order vacating and setting aside the sale proceedings for the reason the execution had been wrongfully issued in violation of the provisions of K. S. A. 60-2202. It had been issued in Hodgeman county. The judgment had been rendered in Edwards county. In addition to setting the sale aside the court directed the clerk to refund to plaintiff the $30,102.88 which sum had been paid into court on the sale price. This refund was ordered without interest. The court further ordered the defendants to reimburse the plaintiff for the mortgage payment by paying into court the sum of $8,868.91 with interest from the date the mortgage payment was made to the mortgagee bank. Both the appeal and the cross-appeal stem from this order.

We will examine the contentions of the plaintiff first. He argues the court erred in vacating the sale for the reason defendants' motion was not timely made.

The sale was held on October 17, 1967. The order vacating the sale was entered December 4, 1968. This was less than fourteen months after the sale and well within the eighteen month period of redemption set by the court.

K. S. A. 60-260 (*b*) authorizes a court on motion and upon such terms as are just to relieve a party from a final judgment, order or proceeding. The basis for such a motion are listed in the statute. The sixth basis listed is for any reason justifying relief from the operation of the judgment, order or proceeding. The time specified in the statute for filing such a motion is "a reasonable time". A reasonable time is not a precise period such as the one year limitation specifically placed on motions filed for reasons (1), (2) and (3) in this statute. Judicial discretion is indicated when the time specified by statute merely has to be reasonable.

When real estate is sold on execution and a period of redemption fixed under the provisions of K. S. A. 60-2414 a motion to set aside the sale proceedings is within a reasonable time as required by K. S. A. 60-260 (*b*) (6) if it is filed during the period of redemption set by the court. To hold otherwise would be to disregard the purposes of the redemption statute which is to prevent hardship and inequity.

The plaintiff contends the defendants were estopped to question the validity of the sale and cites *Hazel v. Lyden,* 51 Kan. 233, 32 Pac. 898. That case is readily distinguishable on the facts. In *Hazel v. Lyden,* supra, the owner lived within two miles of the land, was present at the sale and made no protest. He gave the purchaser possession of the land quietly and without objection. He accepted the proceeds of the sale. The validity of the sale was not attacked until 12 years after the sale and by that time the purchaser had made valuable improvements on the land.

In the present case the defendants appeared and moved the court to set aside the proceedings within a month after the order of confirmation was entered. They did not accept the proceeds of the sale. The order of confirmation was set aside before the period of redemption had expired. The elements of estoppel are not present.

The present sale on execution was made in violation of the express provisions of the statute which requires an execution to be issued from the court in which the judgment is rendered. (K. S. A. 60-2202) The provisions of K. S. A. 60-2401 (*d*) were not followed and K. S. A. 60-2410 (*b*) relating to where the sale of land on execution is to be held was disregarded. The defendants' motion was filed within a reasonable time after the sale was completed and the proceedings were properly vacated and set aside.

The defendants appeal from that portion of the order requiring them to reimburse the plaintiff for the $8,868.91 with interest. This sum was paid by the plaintiff under order of the court and applied on the mortgage. The defendants argue the execution and sale proceedings were null and void and the district court lacked jurisdiction to make any collateral order with respect to payments on the outstanding mortgage. They conclude the plaintiff had no right to reimbursement for the amount paid on the mortgage indebtedness. In the alternative, if the plaintiff did have a right to reimbursement, they contend the district court erred in not affording them an opportunity to introduce evidence and to establish offset damages which arose from plaintiff's unlawful acts in obtaining the void sale under the execution.

At the outset we cannot consider defendants' alternative claim of error because the defendants never raised or presented such a claim in the district court. (*Schneider v. Washington National Ins. Co.*, 200 Kan. 380, Syl. ¶ 6, 437 P. 2d 798; see also 2 West's Kansas Digest, Appeal & Error, § 169, and 1 Hatcher's Kansas Digest [rev. ed.], Appeal & Error, § 304.) Their motion was limited to attacking the sale on execution. They neither pled nor sought to show damages in the district court.

Defendants' primary contention is that the district court exceeded its jurisdiction when it entered a collateral order for reimbursement.

When a person moves a court to vacate a sale of real estate on execution he submits himself to the jurisdiction of that court and the court has jurisdiction not only to grant the relief prayed for but also to adjust the equities between the parties. The court should render a proper judgment which will return the parties to their original positions.

In *Hultz v. Taylor*, 163 Kan. 180, 181 P. 2d 515, the court quoted favorably from 19 Am. Jur. 126, § 127 as follows:

" 'The rule is that equity will not enter a partial or incomplete decree. Having taken cognizance of a cause for any purpose, a court of equity will ordinarily retain jurisdiction for all purposes; decide all issues which are involved by the subject matter of the dispute between the litigants; award relief which is complete and finally disposes of the litigation so as to make performance of the court's decree perfectly safe to those who may be compelled to obey it; accomplish full justice between the parties litigant; and prevent future litigation.' " (p. 184.)

In *Stady v. The Texas Company*, 150 Kan. 420, 94 P. 2d 322, the court stated:

"The distinguishing feature of equity jurisdiction is that it possess full power to apply settled rules to unusual conditions and to mold its decree so as to do equity between the parties." (Syl. ¶ 5.)

In *Nelson v. Robinson,* 184 Kan. 340, 336 P. 2d 415, it is said:

". . . [I]t is a well-settled principle of equity jurisprudence that where a court of equity has obtained jurisdiction of a controversy on any ground it will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject matter. . . ." (p. 345.)

We are not without authority in Kansas for authorizing a reimbursement of amounts paid by a purchaser at a void judicial sale.

In *Galbraith v. Drought,* 24 Kan. 590, a sale of real estate was made by a sheriff to himself. The sale was held to be void and was set aside. The court directed that the amount paid for the property be refunded to the sheriff.

In the present case the purchaser at the sale purchased the property subject to the outstanding mortgage. He paid the mortgage payment under the order of the court. The defendants received the benefit of the reduction of their indebtedness to the bank and no reason appears why plaintiff should not be reimbursed by the defendants.

Our statute provides when property is sold on execution, special execution or order of sale the holder of the certificate of purchase shall be entitled to repayment of all sums paid by him for interest or sums due upon a prior lien or encumbrance when the property is redeemed. (K. S. A. 60-2414 [*d*].) Reimbursement is proper even though the purchaser may have failed to file receipts for the item paid. (*Blurton v. First Nat'l Bank,* 127 Kan. 304, 273 Pac. 401.) Reimbursement for federal tax liens paid is proper although not specifically authorized or covered in the statute. (*Lambert Lumber Co. v. Petrie,* 191 Kan. 709, 383 P. 2d 518.) In these cases it was held that equity requires reimbursement for the amounts actually paid and from which the redeeming party benefits.

In view of our statute providing for the terms of redemption and our case law relating thereto we see no reason why similar equitable considerations for reimbursement should not be enforced when a sale on execution is vacated and set aside as void.

The plaintiff has received and accepted the $30,102.88 refunded to him by the clerk of the district court. The defendants received no benefits from such payment and should not be required to pay interest thereon. However, the plaintiff advanced the $8,868.91

which was paid on defendants' indebtedness to the mortgagee bank. To that extent the defendants received the benefit of the payment and a corresponding saving in interest. The district court's order properly included interest on this amount. Substantial justice and equity were accomplished between the parties.

The district court's order is affirmed as to both the appeal and cross-appeal.

FATZER, J., not participating.