(616 P.2d 300)
No. 50,722

ALLIS M. JONES, *Appellant,* v. DAVID J. SMITH, *Appellee,*
and WESTERN CASUALTY & SURETY COMPANY, *Garnishee.*

Opinion filed September 12, 1980.

*Michael R. O'Neal,* of Hodge, Reynolds, Smith, Peirce & Forker, of Hutchinson, for the appellant.

*Richard C. Hite,* of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, and *John F. Hayes,* of Gilliland, Hayes & Gilliland, of Hutchinson, for the appellee.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

PARKS, J.: This appeal is from the trial court's order allowing defendant to set aside a default judgment.

Plaintiff Allis Jones was injured on April 15, 1972, when she was struck by an automobile driven by defendant David Smith. The vehicle was titled in the names of Sandra and V.E. Keller and was insured by Western Casualty & Surety Company. Jones instituted an action against Smith on May 10, 1973, seeking recovery for her injuries. Service of process was timely made on Smith. Western was also notified of the proceedings but refused to defend Smith on the grounds that it was not liable under its insurance policy.

After the answer time had expired, Jones filed a motion for default judgment. The motion was granted and default judgment was entered December 10, 1973, in the amount of $50,000 actual damages and $50,000 punitive damages. It is undisputed that no evidence was presented on the issue of damages at the time default judgment was entered. Thereafter, on February 5, 1974, Jones filed a garnishment action against Western. Western answered, denying liability, and upon Western's motion the trial court found that Western was not liable for punitive damages but was liable under the policy issued to the Kellers for the $50,000 limit of the policy. This court affirmed the trial court's decision in *Jones v. Smith*, 1 Kan. App. 2d 331, 564 P.2d 574, *rev. denied* 225 Kan. 844 (1977).

On August 2, 1977, attorneys representing Western filed an entry of appearance on behalf of defendant Smith and filed a motion to set aside the 1973 default judgment. Jones countered with motions to dismiss and for attorney fees. The trial court granted the motion to set aside the default judgment previously entered, denied the motion for attorney fees, and submitted the issue of damages to a jury, which found for Jones in the amount of $22,500. Plaintiff Jones appeals.

Plaintiff contends that the trial court was without jurisdiction to entertain defendant's motion for relief after the effective date of the mandate of the Court of Appeals. Plaintiff relies on both K.S.A. 60-2106(c) and Supreme Court Rule No. 8.03 (b), which state that a decision of this court is final and controlling upon the filing of the mandate.

K.S.A. 60-260(b) states in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or said party's legal representative *from a final judgment, order or proceeding* . . . ." (Emphasis added.)

If the legislature had intended to distinguish between final orders of the district court and appellate court mandates, it could have done so. We conclude that a mandate from an appellate court does not divest the district court of its power to consider a motion pursuant to K.S.A. 60-260(*b*). Support for our conclusion is also found in federal decisions, which are applicable since K.S.A. 60-255(*b*) and K.S.A. 60-260(*b*) are patterned after the Federal Rules of Civil Procedure. *Reliance Insurance Companies v. Thompson-Hayward Chemical Co.,* 214 Kan. 110, 117, 519 P.2d 730 (1974). In one such federal case, *Standard Oil Co. of Cal. v. United States,* 429 U.S. 17, 50 L.Ed.2d 21, 97 S.Ct. 31 (1976), the Court said:

"Like the original district court judgment, the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events. Hence, the district judge is not flouting the mandate by acting on the motion." 429 U.S. at 18.

For these reasons, we hold that the trial court properly entertained defendant's motion, and plaintiff's argument on this point is without merit.

The well-established rule is that attorney fees are not recoverable absent clear and specific statutory authority. *Newton v. Hornblower, Inc.,* 224 Kan. 506, Syl. ¶ 15, 582 P.2d 1136 (1978); *Crooms v. Whitfield,* 4 Kan. App. 2d 306, 308, 605 P.2d 592 (1980). Because we find no statutory authority providing for the allowance of attorney fees for a party defending a motion under K.S.A. 60-260(*b*), we hold that the trial court did not err in denying plaintiff's request for attorney fees.

Plaintiff also argues that Western, as the real party in interest, should be estopped from attacking the default judgment in defendant's name. This argument was not raised below and is thus not subject to appellate review. *Goff v. American Savings Association,* 1 Kan. App. 2d 75, 78, 561 P.2d 897 (1977).

We next consider plaintiff's argument that the trial court erred in failing to find that an unreasonable delay occurred between the entry of default judgment and the filing of defendant's motion to set aside the default judgment.

At the outset we note that the trial court made findings that (1) on January 8, 1974, counsel for plaintiff signed an affidavit stating that if the defendant testified at a deposition hearing (which he

did), the plaintiff would accept whatever she obtained from the insurance carrier and would not attempt collection of either actual or punitive damages from the defendant; (2) defendant was informed of the judgment against him at the time his deposition was taken on October 4, 1974; and (3) Western learned on October 17, 1975, that no evidence had been presented on the issue of damages at the time the default judgment was taken on December 10, 1973. The defendant's motion to set aside was not filed until August 2, 1977.

The broad language of K.S.A. 60-260(*b*)(6) gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice. This power is not provided in order to relieve a party from free, calculated and deliberate choices he has made; the party remains under a duty to take legal steps to protect his interests. *Neagle v. Brooks,* 203 Kan. 323, Syl. ¶ 5, 454 P.2d 544 (1969). The time specified for filing such a motion is "a reasonable time." A reasonable time is not a precise period such as the one-year limitation specifically placed on motions filed for reasons (1), (2), and (3) of K.S.A. 60-260(*b*). Judicial discretion is indicated when the time specified by statute merely has to be reasonable. *Needham v. Young,* 205 Kan. 603, 606, 470 P.2d 762 (1970).

A determination of "reasonable time" depends on all the circumstances, including the time between the entry of the judgment from which relief is sought and the time of the motion, the time at which the parties seeking relief became aware of the grounds supporting their motion, any changes the parties may have made in reliance on the judgment, and all other relevant factors. *Lasky v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America,* 27 Fed. R. Serv. 2d 473, 477 (E.D. Mich. 1978). In the present case, defendant's motion for relief was not made until approximately three years after he had notice of the entry of the adverse judgment. The district court relied on the agreement that judgment would not be executed against defendant as the just excuse for his failure to act sooner. However, the agreement still exists and defendant has no greater reason now for setting aside the default than he did in 1974. Additionally, the equities are not weighted for defendant simply because Western Casualty & Surety Company is the interested party behind this suit. The insurer knew of

the facts now raised as justification for the K.S.A. 60-260(*b*) motion in 1975 but chose to pursue its denial of liability rather than urge defendant to challenge the default at that time. Under the circumstances, defendant has made no showing of injustice or inequity to justify further litigation (see *Neagle v. Brooks,* 203 Kan. at 330), and his motion cannot be said to have been made within a reasonable time. We hold that the trial court abused its discretion when it held that the three-year period was not unreasonable and that defendant's motion was timely.

Judgment is reversed.